UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
PATRICK JORDAN

                        Plaintiff

    -against-                                      COMPLAINT
                                                      PLAINTIFFS DEMAND
THE CITY OF NEW YORK                          TRIAL BY JURY
CORRECTION OFFICER ANTHONY TURNER Sh. # 1823
INVESTIGATOR ANTON TAYLOR, CORRECTION OFFICER
DIEDRE MARSHALL, # 17735, CAPTAIN PATTERSON, Sh. # 1306,
and CORRECTION OFFICER JOHN DOE 1-15

                        Defendants
------------------------------------------------------------------------X

      Plaintiff PATRICK JORDAN, by his attorney, Michael Colihan, as and for his complaint in this action against the defendants, above named, respectfully sets forth and alleges as follows:

**PRELIMINARY STATEMENT**

      1. This is a civil action for damages brought to redress the deprivation by defendants of the rights secured to plaintiff under the Constitution and laws of the United States and the State of New York. The defendants, upon information & belief without probable cause, unlawfully assuulted and injured the plaintiff without just cause. The plaintiff suffered serious and severe physical & psychological injuries, the full nature and extent of which have yet to be determined. By the filing of this complaint, the plaintiff now alleges that the City of New York & the New York City Police Department violated his rights under 42 USC Section 1983 and 1988, the 4th Amendment of the United States Constitution and New York State law. In addition, the plaintiff invokes the pendant jurisdiction of this court to assert claims arising under state law. The City has displayed a deliberate indifference to this unlawful and perjurious activity by its

employees.

## JURISDICTION

2. That the jurisdiction of this Court is invoked under the provisions of Section 1331 & 1343 of Title 28 and Sections 1983 & 1988 of Title 42 of the United States Code, as well as the Fourth and Fourteenth Amendments to the Constitution of the United States. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 USC Section 1367 to hear and decide their New York State Law claims of assault, excessive force and the intentional and negligent infliction of mental & emotional distress against the individual defendant officers. These state law claims form part of the same case and controversy as plaintiff's federal claims under Article III of the United States Constitution.

3. Because plaintiff's state law claims are brought only against the individual defendant police officers and allege intentional conduct, no notice of claim is required. In suits against municipal or county employees, as opposed to suit against municipalities themselves, " service of the notice of claim upon the public corporation shall be required only if the corporation has a statutory obligation to indemnify such person under this chapter or any other provision of law" N.Y. Gen. Mun. Law Section 50- e (1) n(b).

4.   Venue is properly laid in the Southern District of New York in that this is the District where the claim arose, especially with respect to the managers of the City of New York and The New York City Department of Correction  who allow the unlawful acts complained of to continue.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Federal Rule of Civil Procedure 38 (b)

## PARTIES

6. The plaintiff PATRICK JORDAN is a 23 year old male African American and a resident of the City and State of New York, in Bronx County.

7. The defendant THE CITY OF NEW YORK was and is a municipal corporation organized and existing under the laws of the City and State of New York.

8. The defendant THE CITY OF NEW YORK maintains, operates, manages and controls the New York City Department of Correction ( hereinafter referred to as "DOC") a duly authorized agency authorized, organized and existing to perform and carry out all functions of correctional insitution as per the applicable laws, rules, statues and ordinances of the aforementioned municipal corporation THE CITY OF NEW YORK.

9. That the defendant CORRECTION OFFICER ANTHONY TURNER, Shield # 4899 and INVESTIGATOR ANTON TAYLOR, Sh. # 2026, CORRECTION OFFICER DIEDRE MARSHALL, # 17735, CAPTAIN PATTERSON, Sh. # 1306, were and are agents, servants and employees of the defendant THE CITY OF NEW YORK.

10. That the defendants CORRECTION OFFICERS JOHN DOE 1-15 were and are agents, servants & employees of the defendant THE CITY OF NEW YORK.

### STATEMENT OF RELEVANT FACTS

11. That on or about the 21th day of August, 2013, the plaintiff PATRICK JORDAN was lawfully in the City and State of New York in the County of Bronx, at or near 1 Halleck Street, the correctional facility operated, managed and controlled by the City of New York known as Riker's Island .

12. At the aforesaid time and place the plaintiff was unlawfully and without just cause, approached, and assaulted and physically injured by the aforementioned officers of THE NEW YORK CITY DEPARTMENT OF CORRECTION who were agents, servants and employees of the defendant THE CITY OF NEW YORK who were acting under color of law during the aforesaid transactions .

13. While the plaintiff was being held, his designated " arresting officer", INVESTIGATOR ANTON TAYLOR, Sh. # 2026, and other named defendants, with the acquiescence of other defendants, misrepresented facts in the police reports and other documents to justify the unwarranted assault upon the plaintiff..

14. All of the foregoing took place as a direct and foreseeable result of the unconstitutional policies, customs and practices of the City of New York and the DOC, including, without limitation, the  falsification of evidence, and other things to justify

unwarranted assaults and the use of excessive force upon people, including the plaintiffs .

15. The events complained of are not isolated incidents. Defendant CITY OF NEW YORK, and its agents , servants and employees, especially its counsel, managers and supervisors are all aware, from lawsuits brought in New York State Supreme Court and the Federal District Courts for the Eastern and Southern Districts of New York, which are matters of public record, notices of claim, complaints filed with the CITY OF NEW Y that many officers of the DOC, including the defendants, are not sufficiently trained regarding the use of force, and are engaging in a pattern of falsification to conceal their abuse of authority and for other unlawful motives.

16. Defendant THE CITY OF NEW YORK is further aware that such improper training has often resulted in a violation of people's civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure to act was a direct result of the acts complained of.

17. Further, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident that is the subject of this complaint, that the individual defendants lacked the temperament, objectivity, maturity, discretion and proper disposition to function lawfully as officers. Despite such notice, the defendant THE CITY OF NEW YORK has retained such officers, and failed to adequately train and supervise them.

18. By reason of the foregoing, plaintiff sustained injury and damage as described above.

## AS AND FOR A FIRST CLAIM ON BEHALF OF THE PLAINTIFF
## PATRICK JORDAN
### Deprivation of Rights under 42 U.S.C. Section 1981 & 1983

19. The plaintiff repeats the foregoing allegations .

20. Each, every and all of the aforementioned acts of defendants, their agents, servants and employees were performed and carried out under color of law.

21. All of the above described acts deprived plaintiff PATRICK JORDAN of the rights, privileges and immunities guaranteed to United States citizens by the Fourth and Fourteenth Amendments to the United States Constitution and in violation of 42 U.S.C. Section 1983.

22. The acts which are the subject of this complaint were performed by the individually named defendants in their capacities as officers of the DOC, pursuant to the customs, practices, usages, procedures and rules if the CITY OF NEW YORK and the DOC, all under the supervision of ranking officers of said department.

23. Defendants, collectively and individually, while acting under color of state law, engaged in conduct and actions that constituted a usage, custom, practice, procedure or rule of the respective municipal authority and defendant, THE CITY OF NEW YORK, which is forbidden by the United States Constitution.

24. By reason of the foregoing, the plaintiff PATRICK JORDAN is entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SECOND CLAIM ON BEHALF OF PATRICK JORDAN
Assault & Excessive Force under 42 U.S.C. Section 1983

25. Plaintiff repeats the foregoing allegations.

26 . The Defendants assulted the plaintiff PATRICK JORDAN without just cause, used excessive force upon him, causing him to suffer physical and psycological injury.

27. By reason of the foregoing, the plaintiff PATRICK JORDAN is entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A THIRD CLAIM ON BEHALF OF PATRICK JORDAN
Failure to Intervene under 42 U.S.C. Section 1983

28. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

29 . The individual defendants had an affirmative duty and obligation to intervene on behalf of the plaintiff whose constitutional rights were being violated in their presence and with their knowledge.

30 . The defendants did not intervene to prevent or terminate the unlawful conduct described herein.

31. By reason of the foregoing the plaintiff suffered physical & psycological injuries .

32 . By reason of the foregoing, the plaintiff PATRICK JORDAN is entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in

addition, reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CLAIM ON BEHALF OF PATRICK JORDAN
Supervisory Liability under 42 U.S.C. Section 1983

33 . The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein

34 . The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately and/or consciously indifferent to the rights of citizens in failing to properly train, select, supervise and discipline their employees

.       35 .  By reason of the foregoing, the plaintiff PATRICK JORDAN is entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CLAIM ON BEHALF OF PATRICK JORDAN
Municipal Liability under 42 U.S.C. Section 1983
MONELL VIOLATION

36.  The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

.        37. Defendants, individually and collectively, while acting under color of state law, engaged in conduct that constituted a procedure, custom, usage, practice, rule and/or regulation of the municipal authority THE CITY OF NEW YORK which violates the Constitution of the United States.

38. The aforementioned procedures, customs, usage, practices, rules and/or regulations of the DOC includes, but is not limited to subjecting citizens to excessive force,

arresting people without probable cause and engaging in a practice of falsification to conceal their abuse of authority.

39. In addition, the DOC engaged in a practice policy or custom of inadequate screening, hiring, investigation, retaining, training and supervision of its employees that was the moving force behind the violation of the plaintiff's rights as described in this complaint. By reason of the failure of the CITY OF NEW YORK to properly recruit, screen, train discipline and supervise its officers, including the individual defendants, In addition, despite receiving countless notices of claim and complaints of the Supreme Court of the State of New York as well as the United States District Courts for the Eastern and Southern Districts of New York, the defendant the CITY OF NEW YORK has tacitly ratified and authorized the conduct complained of, and has displayed deliberate indifference to the acts and conduct complained of herein.

40 . That the City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by the plaintiff.

41. The foregoing customs, policies usages, practices, procedures and rules of the defendant the CITY OF NEW YORK constituted deliberate indifference to the safety, well being and constitutional rights of the plaintiff.          .

42. Despite the foregoing, the City of New York exercised deliberate indifference to the aforementioned abuses against civilians such as the plaintiffs by failing to take remedial action. The City failed to properly train, retain supervise discipline and monitor the defendants ad other members of the service guilty of similar abuses.

43 . The City's failure to act resulted in a violation of the plaintiff's constitutional rights

44. At all times material to this complaint, defendant THE CITY OF NEW YORK had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

45. At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise, or discipline employees and police officers, and failed to inform the individual defendants' supervisors of their need to train, screen, supervise or

discipline the individually named defendants . The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

46. All of the foregoing acts by defendants deprived plaintiff of federally protected constitutional rights, including but not limited to the right to:

Not to be denied liberty without due process of law

To be free from the use of excessive force, assault and summary punishment

To have other officers intervene when a police officer abuses a civilian

47. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional injury, pain and suffering, great humiliation, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, the plaintiff respectfully preys to the court for judgment upon each cause of action as follows:

a. Compensatory damages in an amount which this Court shall consider to be just and fair:

b. Punitive and exemplary damages in an amount which this Court shall consider to be just & fair;

c. Attorney's fees in an amount which this Court shall consider just & fair;

d. Together with the costs and disbursements of this action and such other and further relief which this Court may seem just & proper.

DATED: BROOKLYN, NY

August 5, 2016

.                              This is an electronic signature
---------------/s/------------------------------
MICHAEL COLIHAN (MC-0826)
   Attorney for the Plaintiff
   44 Court Street
   Suite 906
   Brooklyn, NY 11201
   (718) 488-7788